**NOT FOR PUBLICATION**

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

————————————————————— :
                                                         :
In re:                                                   :
                                                         :     Case No.: 14-36112 (KCF)
MORGAN, NANCY J.,                                        :     Hon. Kathryn C. Ferguson, U.S.B.J.
                                                         :
             Debtor.                                     :
—————————————————————:
                                                         :
DANIEL E. STRAFFI, Chapter 7 Trustee  :
                                                         :     Civil Action No. 16-614 (BRM)
                               Appellant,                :     Hon. Brian R. Martinotti, U.S.D.J.
          v.                                             :
                                                         :
NANCY J. MORGAN,                                         :
                                                         :
                               Appellee.                 :
————————————————————— :

**MARTINOTTI, DISTRICT JUDGE**

Appellant Daniel E. Straffi ("Trustee" or "Appellant"), Chapter 7 Trustee for the within

debtor, Nancy J. Morgan ("Debtor" or "Appellee"), appeals from the Order Denying Objection to

Exemptions entered by the Honorable Kathryn C. Ferguson, U.S.B.J., on January 20, 2016.

Pursuant to Fed. R. Civ. P. 78, there was no oral argument. For the reasons set forth below, the

Trustee's appeal is **DENIED** and the Order of the Bankruptcy Court is **AFFIRMED**.

### I.     BACKGROUND

On December 31, 2014, the Debtor filed a voluntary petition for relief under Chapter 7 of

the Bankruptcy Code. (Bankr. Dkt. No. 1.) In Schedule "A" of her petition, the Debtor listed a

residence owned by her at 11 Albert Street, Howell, New Jersey (the "Howell Property") with a

value of $125,000.00. (*Id*. at Schedule A.) With respect to the Howell Property, the Debtor claimed

a residential real estate exemption of $5,601.43 (*id.* at Schedule C) and listed a secured claim, a mortgage to PHH Mortgage Corp. ("PHH"), in the amount of $106.898.52. (*Id.* at Schedule D.)

On February 24, 2015, the Trustee applied to retain himself as attorney for the Trustee and Bederson, LLP as accountants to the Trustee. (Bankr. Dkt. Nos. 6-7.) The Debtor opposed the Trustee's application for appointment. (Bankr. Dkt. No. 8.) On March 6, 2015, the Bankruptcy Court granted both applications. (Bankr. Dkt. Nos. 9 and 10.)

On June 22, 2015, PHH filed a Motion for Relief from Stay as to the Howell Property. (Bankr. Dkt. No. 20.) Before PHH's stay motion could be heard, on July 8, 2015, the Debtor filed a motion to convert her case to Chapter 13. (Bankr. Dkt. No. 21.) In support of that motion, the Debtor certified "[t]he Chapter 7 Trustee has asserted the value of my residence is in excess of the value listed in Schedule A of my petition and has threatened to list the property for $162,500.00 even though I had provided him with an appraisal certifying that the fair market value is actually $125,000.00." (Bankr. Dkt. No. 21-1.) The Debtor also submitted a proposed form of Order following the "Recommended Local Form". (Bankr. Dkt. No. 21-2.) The Trustee did not oppose the Debtor's conversion motion and, on August 12, 2015, the Bankruptcy Court entered an Order converting the Debtor's case to Chapter 13 (the "Conversion Order"). (Bankr. Dkt. No. 23.) The Conversion Order entered by the Bankruptcy Court was the proposed form of Order submitted by the Debtor, and provides that "within 15 days of the date of this Order the [D]ebtor shall file amendments to previously filed schedules and statements as necessary." (*Id.* at 2.) The Conversion Order further provides "that within 15 days of the date of this Order the [D]ebtor shall file a Chapter 13 Plan and Motions" and "if the [D]ebtor fails to file the Chapter 13 Plan and Motions within 15 days of the date of this Order, the case shall be converted to [C]hapter 7 by the Court without further notice." (*Id.* at 3.)

The Debtor did not file a Chapter 13 Plan and Motions, nor did she amend her schedules, within 15 days of the Conversion Order. (Trustee's Mem. (ECF No. 3) at 5; Debtor's Mem. (ECF No. 4) at 4.) As a result, on August 13, 2015, the Bankruptcy Court reconverted the Debtor's case to Chapter 7 (Bankr. Dkt. No. 28) and the Trustee was reappointed. (Bankr. Dkt. No. 29.)

On September 22, 2015, the Trustee applied to retain ERA Design for Living as Realtor to enable the Trustee to sell the Howell Property. (Bankr. Dkt. No. 34.) The Bankruptcy Court granted the Trustee's application, over the Debtor's objection, on September 30, 2015. (Bankr. Dkt. No. 36.)

After the case was reconverted to Chapter 7, on October 6, 2015, the Trustee filed opposition to PHH's Motion for Stay Relief. (Bankr. Dkt. No. 39.) The Trustee argued the value of the Howell Property was $165,000.00, not the $125,000.00 claimed by the Debtor, and there was excess equity in the Howell Property of $38,500.00. (*Id.*) Ultimately, PHH and the Trustee agreed to resolve PHH's motion by entering into a Consent Order.

On October 14, 2015, before the Consent Order was entered, the Debtor filed an amended Schedule "C" of her petition to increase her claimed exemption for the Howell Property from $5,601.48 to $23,916.41. (Bankr. Dkt. No. 41.) The Debtor also added another exemption under §522(d)(5) in the amount of $941.41. (*Id.*)

On November 9, 2015, the Trustee filed a motion objecting to the Debtor's amended exemptions. (Bankr. Dkt. No. 46.) Without filing a supporting brief, the Trustee argued the Debtor could not amend her schedules to increase her exemption in the Howell Property, and should be precluded from doing so for failing to abide by the time limits set forth in the Conversion Order. (*Id.*)

On December 15, 2015, the Debtor filed opposition to the Trustee's motion objecting to the Debtor's amended exemptions. (Bankr Dkt. No. 53.) In her opposition, the Debtor certified that she originally "claimed an exemption of $5,602.00 in [the Howell Property]. This was the amount needed to cover potential equity. I valued my property at $125,000.00, estimated costs of sale at 10% leaving $112,500.00 less a mortgage of $106,898.00 leaving $5,601.00." (Bankr. Dkt. No. 53-1.) The Debtor explained that, "[b]ecause the Trustee believes my home is worth more than $125,000.00, I amended my exemptions to claim the maximum available of $23,916.00," and claimed to "have the right to amend exemptions at any time." (*Id.*) Relying on *Law v. Siegel*, 571 U.S. __, 134 S. Ct. 1188 (2014), the Debtor also argued in her brief she was able to amend her exemption at any time, and the Bankruptcy Court's Conversion Order did not prevent subsequent amendments to exemptions, notwithstanding her failure to comply with the deadlines set forth therein. (*Id.*)

At the hearing on the motion, the Bankruptcy Court agreed with the Debtor and issued a ruling from the bench. (Bankr. Dkt. No. 55.) The Bankruptcy Court denied the Trustee's motion and held the Trustee's reading of the Conversion Order was not rationale. (Bankr. Dkt. No. 57.) Further, the Bankruptcy Court agreed with the Debtor that, even if the Debtor did not comply with the Conversion Order, the Debtor could still amend her schedules any time under Fed. Bankr. R. 1009(a). (*Id.*) This appeal followed.

## II.   APPELLATE JURISDICTION

Pursuant to Title 28 of the United States Code, Section 158(a), "[t]he district courts of the United States shall have jurisdiction to hear appeals" from "final judgments, orders, and decrees" of a bankruptcy court. 28 U.S.C. § 158(a)(1). The Bankruptcy Court's Order Denying Objection

to Exemptions is a final order for purposes of an appeal. *Kollar v. Miller*, 176 F.3d 175 (3d Cir. 1999); *Preblich v. Battley*, 181 F.3d 1048, 1056 (9th Cir. 1999).

### III.   STANDARD OF REVIEW

"The proper standard of review to be applied by a district court when reviewing a ruling of a bankruptcy court is determined by the nature of the issues presented on appeal." *In re Beers*, 2009 WL 4282270, *3 (D.N.J. Nov. 30, 2009) (quoting *Baron & Budd, P.C. v. Unsecured Asbestos Claimants Committee*, 321 B.R. 147, 157 (D.N.J. 2005)). A district court reviews "the bankruptcy court's legal determinations *de novo*, its factual findings for clear error and its exercise of discretion for abuse thereof." *In re United Healthcare System, Inc.*, 396 F.3d 247, 249 (3d Cir. 2005) (quoting *In re Trans World Airlines, Inc.*, 145 F.3d 124, 130-31 (3d Cir. 1998)). Here, the Trustee seeks review of the Bankruptcy Court's legal determinations and, therefore, a plenary standard of review applies. *In re Handel*, 570 F.3d 140, 141 (3d Cir. 2009); *In re Logiudice*, 2013 WL 6528810, at *2 (D.N.J. Dec. 12, 2013).

### IV.   DECISION

The Trustee raises five issues on appeal: (1) whether the Bankruptcy Court erred in allowing the Debtor to increase exemptions for the Debtor's residence; (2) whether the Bankruptcy Court erred in applying the terms of its Conversion Order in allowing the Debtor to amend the exemption in her residence; (3) whether the Bankruptcy Court erred in applying Rule 1009(a) of the Federal Rules of Bankruptcy by allowing the Debtor to amend Schedule "C" of her petition; (4) whether the Bankruptcy Court erred in allowing the Debtor to increase the value of her exemptions in violation of 11 U.S.C. §§ 522(a)(2) and 541(a)(6) and Third Circuit law; and (5) whether the Bankruptcy Court erred in its application of *Law v. Siegel*, 134 S. Ct. 1188 (2014) by allowing the Debtor to increase her exemptions. (ECF No. 3 at 1-2.) As the Trustee implicitly

acknowledges in his brief, these issues boil down to two principal arguments. (*Id*. at 7-11.) The Court addresses each in turn.

### A. Whether the Bankruptcy Court Erred in Its Interpretation of the Conversion Order In Allowing the Debtor to Amend Her Schedules to Increase the Exemption in Her Residence

The Trustee first argues that, pursuant to the terms of Conversion Order "[t]he time set for the Debtor to amend her schedules expired on August 27, 2015" and it was error for "the Bankruptcy Court [to] conclude[] that if the [D]ebtor did not observe the time limit for amendments that the sole consequence was the reconversion of the case to Chapter 7." (ECF No. 3 at 8.) According to the Trustee, "[t]here is no such provision in the Order" and "[i]t was wrong for the Bankruptcy Court to conclude otherwise and label the Trustee's interpretation of the [Conversion] Order as no 'rationale'." (*Id*. at 9.) This argument lacks merit.

Initially, "the Bankruptcy Court plainly had jurisdiction to interpret and enforce its own prior orders." *Travelers Indem. Co. v. Bailey*, 557 U.S. 137, 151 (2009) (citing *Local Loan Co. v. Hunt*, 292 U.S. 234, 239 (1934)). Indeed, by "virtue of its direct involvement in the proceedings," a reviewing court will "accord great weight to a Bankruptcy Court's interpretation of its own order." *In re Shenango Group, Inc.*, 501 F.3d 338, 346 (3d Cir. 2007). An appellate court, then, "will defer to such interpretation unless it is unreasonable under the circumstances." *Id*.

The Trustee argues "[t]here is noting in the [Conversion] Order that limits its ambit as suggested by the [D]ebtor and the Bankruptcy Court" or "that says the sole consequence of the failure to amend her schedules is reconversion of the case to Chapter 7." (ECF No. 3 at 8-9.) As the Debtor aptly notes, however, the opposite is also true: there is nothing in the Conversion Order "that can even remotely be interpreted to forever bar amendments to schedules from day 16 forward." (ECF No. 4 at 15.) The Bankruptcy Court is in the best position to interpret its own Orders and its interpretation of the Conversion Order here is not unreasonable under the

circumstances. Indeed, as discussed below, there is nothing in the Bankruptcy Code, Federal Rules

of Bankruptcy Procedure, nor the Supreme Court's holding in *Law v. Siegel*, 134 S. Ct. 1188

(2014), that would preclude the Debtor from amending her Schedules to increase her exemptions.

Thus, the Bankruptcy Court's interpretation of the Conversion Order is reasonable under the

circumstances.

> **B.  Whether the Bankruptcy Court Erred In Its Interpretation of Rule 1009(a) and Relevant Case Law In Allowing the Debtor to Amend Her Schedules**

The Trustee next argues that, "[p]ursuant to the Third Circuit's holding in *In re Orton*, 687

F.3d 612, 613-14 (3d Cir. 2012) and 11 U.S.C. §§522(a)(2) and 541(a)(6), the [D]ebtor may not

amend her petition under R1009(a) so as to increase the amount of her exemption." (ECF No. 3 at

9.) The Bankruptcy Court held otherwise. This Court agrees with the Bankruptcy Court.

Chapter 7 of the Bankruptcy Code gives an insolvent debtor the opportunity to discharge

her debts by liquidating her assets to pay her creditors. 11 U.S.C. §§ 704(a)(1), 726, 727. The filing

of a bankruptcy petition under Chapter 7 creates a bankruptcy "estate" generally comprising all of

the debtor's property. 11 U.S.C. § 541(a)(1). The estate is placed under the control of a trustee,

who is responsible for managing liquidation of the estate's assets and distribution of the proceeds.

11 U.S.C. § 704(a)(1). The Bankruptcy Code authorizes the debtor to "exempt," however, certain

kinds of property from the estate, enabling her to retain those assets post-bankruptcy. 11 U.S.C. §

522(b)(1). "Section 522 of the Code provides a number of exemptions unless they are specifically

prohibited by state law." *Siegel*, 134 S. Ct. at 1192. "One, commonly known as the 'homestead

exemption,' protects up to $22,975 in equity in the debtor's residence." *Id.* (citing § 522(d)(1) and

note following § 522). The Supreme Court has held that Section "522 does not give courts

discretion to grant or withhold exemptions based on whatever considerations they deem

appropriate" because "*federal law* provides no authority for bankruptcy courts to deny an exemption on a ground not specified in the Code." *Id*. at 1197 (emphasis in original).

The Trustee argues "the Bankruptcy erred when it ruled that R1009(a) allowed the [D]ebtor to amend Schedule 'C' at 'anytime' . . . [because] a valid statutory basis is sufficient grounds to deny a debtor an exemption." (ECF No. 3 at 11.) According to the Trustee, this "case is distinguishable from the dicta of *Law v. Siegel* . . . because herein the Debtor is not trying to claim an exemption or amending her schedules to claim an exception" and is instead "attempting to increase her already-declared-value exemption in her residence." (ECF No. 3 at 10.) Thus, the Trustee argues, "[u]nlike *Law v. Siegel*, in this case, a specific statute, 11 U.S.C. § 546(a) prohibits her from doing so." (*Id*. at 11 (citing *In re Orton*, 687 F.3d at 612).)

While this case may be distinguishable from *Law v. Siegel*, it is just as easily distinguishable from the cases cited by the Trustee, none of which involved the situation of a debtor seeking to amend their exemptions to the statutory limits. *See, e.g., In re Orton*, 687 F.3d at 612 (holding that, because the debtor had exempted only an interest in an asset, rather than the asset itself, the debtor was entitled to only the dollar amount listed as exempt and not to any future appreciation in value); *In re Gebhart*, 621 F.3d 1206, 1211 (9th Cir. 2010) ("[A]t least when the total fair market value of the property is in fact greater than the exemption limit at the time of filing, any additional value in the property remains the property of the estate, regardless of whether the extra value was present at the time of filing or whether the property increased in value after filing."). The *Orton* and *Gebhart* courts both held that post-petition appreciation was property of the estate and, therefore, may properly be exempted by a debtor. *Orton*, 687 F.3d at 612; *Gebhart*, 621 F.3d at 1211. *See also* 11 U.S.C. § 522(b)(1) ("Notwithstanding § 541 of this title, an individual may exempt from property of the estate, the property listed in" § 522(d).)

*Law v. Siegel* is also distinguishable. In *Law*, the Chapter 7 trustee brought an adversary proceeding to avoid a lien on the debtor's residential property as a fraudulent transfer, and moved to surcharge the debtor's homestead exemption based upon the debtor's alleged misconduct in fraudulently representing that a lien existed on the property, leaving no equity available for creditors. *Siegel*, 136 S. Ct. at 1192-93. The Bankruptcy Court ordered the debtor's exemption be surcharged in its entirety. *In re Law*, 401 B.R. 447 (C.D. Ca. 2009). The Bankruptcy Appellate Panel affirmed, *see Law v. Siegel*, 2009 WL 7751415 (9th Cir. B.A.P., Oct. 22, 2009), as did the Court of Appeals. *Law v. Siegel*, 435 F. App'x 697 (9th Cir. 2011). The Supreme Court granted *certiorari* and reversed the lower courts, holding "§ 522 does not give courts discretion to grant or withhold exemptions based on whatever considerations they deem appropriate. Rather, the statute exhaustively specifies the criteria that will render property exempt." 136 S. Ct. at 1196. In doing so, the Supreme Court made clear that a bankruptcy "court may not refuse to honor the exemption absent a valid statutory basis for doing so." *Id*. As the Supreme Court explained, "§ 522 sets forth a number of carefully calibrated exceptions and limitations . . . The Code's meticulous – not to say mind-numbingly detailed – enumeration of exemptions and exceptions to those exemptions confirms that courts are not authorized to create additional exceptions." *Id*. (citing *Hillman v. Maretta*, 569 U.S. ___, 133 S. Ct. 1943, 1953 (2013); *TRW Inc. v. Andrews*, 534 U.S. 19, 28-29 (2001)). Finally, after pointing out that "to disallow an exemption [] or to bar a debtor from amending his schedules to claim an exemption . . . is much the same thing," the Supreme Court held that "*federal law* provides no authority for bankruptcy courts to deny an exemption on a ground not specified in the Code." *Id*. at 1197 (emphasis in original). Thus, while *Law* may be factually distinguishable from this case, it is persuasive nonetheless, even if it is only *dicta*. *See Hassan v. City of New York*, 804 F.3d 277, 300 (3d Cir. 2015) (explaining "Supreme Court *dicta*

'requires serious consideration.'") (quoting *United States v. Marzzarella*, 614 F.3d 85, 90 n.5 (3d Cir. 2010)).

As discussed above, the Conversion Order on its face does not purport to permanently bar the Debtor from amending her exemptions. Nor could it, as the Bankruptcy Code provides no authority for the bankruptcy Court to limit the debtor's exemptions under § 522. *See* 11 U.S.C. § 522(b)(1) ("Notwithstanding § 541 of this title, an individual may exempt from property of the estate, the property listed in [§ 522(d)]."). To the extent there has been any post-petition appreciation in the value of the Howell Property it is property of the estate and may be exempted by the Debtor. *Id.* Moreover, the Federal Rules of Bankruptcy Procedure provide that a "voluntary petition, list, schedule, or statement may be amended by the debtor as a matter of course at any time before the case is closed." Fed. R. Bankr. P. 1009(a). Thus, contrary to the Trustee's arguments, the Bankruptcy Court did not err in applying Rule 1009 by allowing the Debtor to file amendments to Schedule "C" of her petition, nor did the Debtor's amendment violate any provisions of the Bankruptcy Code.

In sum, this Court finds the Bankruptcy Court's interpretation of the Conversion Order is reasonable under the circumstances, and the Bankruptcy Court was without statutory authority to limit or preclude the Debtor from amending her exemptions. This Court has considered the parties' remaining arguments and finds them to be without merit. Accordingly, the Bankruptcy Court's Order Denying Objection to Exemptions is **AFFIRMED**.

## V.   CONCLUSION

For the reasons set forth above, the Bankruptcy Court's January 20, 2016 Order Denying

Objection to Exemptions is **AFFIRMED**. An appropriate Order will follow.

*/s/ Brian R. Martinotti*
**HON. BRIAN R. MARTINOTTI**
**UNITED STATES DISTRICT JUDGE**

Dated:  February 1, 2017

11